IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DWIGHT GRIFFIN | § | |
| v. | § | CIVIL ACTION NO. 6:06cv256 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Dwight Griffin, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Griffin was convicted of the offense of retaliation, receiving a sentence of 15 years in prison. The state courts records show, in brief, that Griffin was arrested for public intoxication and told the officer that "if I ever see you on the streets, I'll beat your m*****-f***ing ass." The officer replied that if Griffin continued to make threats, he would be charged with a felony offense. Griffin repeated his threat, resulting in the charges being filed.

Griffin appealed his conviction through the state courts, including a direct appeal, a petition for discretionary review, and a state habeas corpus petition. When these proved unsuccessful, he sought federal habeas corpus relief.

In his federal petition, Griffin raised 17 grounds for relief. The Magistrate Judge ordered the Respondent to answer the petition, and Griffin filed a response to the answer. The Magistrate Judge also received copies of the state court records.

1

After review of the pleadings and the records, the Magistrate Judge issued a Report on May 9, 2007, addressing each of Griffin's grounds and recommending that the petition be denied. The Magistrate Judge also recommended that Griffin be denied a certificate of appealability *sua sponte*. Griffin filed objections to the Magistrate Judge's Report on June 1, 2007.

In his first objection, Griffin says that the trial court failed to grant a mistrial based on prejudicial jury arguments, but his argument under this point centers on his claim that the arresting officer placed handcuffs on him so tightly that they cut off his circulation and thereby "caused him to be reckless and lose conscious coordination."

As explained by the Magistrate Judge, Griffin failed to show that there was prejudicial jury argument, and did not even point to any jury argument which he says was improper. Although Griffin argues that the handcuffs were so tight that they somehow caused him to direct threats at the officer, but there is no evidence in the record to support this assertion. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Griffin's assertion that the handcuffs were too tight and that this was the cause of the threats is unsupported and unsubstantiated by anything in the record, and thus lacks probative value. His first objection is without merit.

Second, Griffin complains of an erroneous polling of the jury, allegedly in violation of Texas law; he asks that the federal court determine whether there has been a constitutional infraction rendering his trial fundamentally unfair. The Magistrate Judge concluded that there had been no such constitutional violation, and Griffin offers nothing to show that this conclusion was incorrect. His second objection is without merit.

This, Griffin argues that if he pleaded true to the enhancement paragraphs, it was because he was coerced into doing so by his attorney. He presents nothing to show that he was coerced into

pleading true, much less that the enhancement paragraphs were in fact not true. This objection is without merit.

Fourth, Griffin asserts that black persons are "a distinctive group in the community" for purposes of the requirement that jurors be drawn from a cross-section of the community. While this is accurate in and of itself, the Magistrate Judge recommended that Griffin's claim on this point be dismissed because there was no objection made under Batson v. Kentucky, 476 U.S. 79 (1986), and no evidence in the record as to the number of blacks on the jury or the number of blacks struck by the State. Consequently, the Magistrate Judge said, Griffin had failed to set out a viable claim. Griffin offers nothing to suggest that the Magistrate Judge's conclusion was incorrect. His objection on this ground is without merit.

Next, Griffin says that counsel was ineffective by allowing the prosecutor to use peremptory challenges to exclude members of a particular gender. This contention is raised for the first time in his objections, and thus is not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Even were this issue properly before the Court, Griffin has offered no evidence to show that members of a particular gender were excluded from jury service, nor does any evidence of this appear in the record. His objection on this point is without merit.

Griffin says that "it is a possibility" that if counsel had objected to the "due process violation" in allowing him to sign a stipulation of prior convictions, the outcome of his trial may have been different. He fails to show that there was any due process violation, much less that the outcome of the trial could have been different had such an objection been raised. This claim is without merit.

Seventh, Griffin complains that counsel was ineffective for failing to demand an evidentiary hearing outside the presence of the jury to determine whether the statement (i.e. the threat) was given out of "pain being inflicted" or temporary insanity or intoxication. This contention also is raised for the first time in Griffin's objections and thus is not properly before the Court. In addition, Griffin

has not shown any legal basis for the holding of such a hearing outside the presence of the jury, nor any likelihood that such an request would have been granted had counsel made it. His claim on this point is without merit.

In his eighth objection, Griffin appears to say that after he was convicted of retaliation, he was sentenced without counsel for the offenses of public intoxication and failure to identify. There is no evidence in the record that Griffin was ever charged with, much less convicted of, either public intoxication or failure to identify, and the TDCJ on-line records confirm that Griffin is only serving a sentence for retaliation. This contention is without merit.

Ninth, Griffin says that a single error may be enough to establish ineffective assistance of counsel. However, he has failed to show that any or all of the alleged errors by counsel rose to the level of a Sixth Amendment violation. His objection on this point is without merit,

Griffin next complains that the indictment "failed to allege a complete offense" and that the Court of Criminal Appeals knew this, but that the court "has never addressed this fact." He also says that the jury charge failed to apply the law to the facts of the case. As explained by the Magistrate Judge, Griffin failed to show that the indictment was deficient, much less that a valid objection could have been made to it, He also failed to show any error in the instructions given by the trial court. These objections are without merit.

In his 11th objection, Griffin complains that the police officer gave "perjured testimony" which "was not proven by clear and convincing evidence." He has failed to show that the evidence was false and the officer's testimony was sufficient to support the finding of guilt. This objection is without merit.

Twelfth, Griffin says that he should be acquitted because the purpose of introducing his prior conviction was to "show his bad character as a career criminal." As stated by the Magistrate Judge, the State did not introduce evidence of his prior convictions. Instead, Griffin's attorney referred to his prior time in prison during voir dire, on the understanding that Griffin would testify. Hence, the purpose of introducing the prior convictions was not to besmirch his character, but to give counsel

the opportunity to question the jury as to whether they would be so influenced by his criminal history as to be biased against him. Griffin has not shown error by the State, because the State did not introduce his prior convictions, nor that counsel's actions were anything other than legitimate trial strategy. His objection on this point is without merit.

Next, Griffin complains of the failure to give Miranda warnings. As the Magistrate Judge stated, the failure to give these warnings is not, in and of itself, a constitutional violation. Nor does Griffin point to any compelled statements made without benefit of the warnings. His objection on this point is without merit.

Griffin says that the case "should never have been allowed to go to the jury," and argues that a procedural default does not bar consideration of a claim unless the last state court clearly and expressly rests its decision on the procedural bar. The Magistrate Judge had concluded that Griffin's claim of sufficiency of the evidence was procedurally barred because Griffin did not raise it on direct appeal, but only collateral review. Griffin's contention regarding the procedural bar is inapposite because in cases involving the failure to raise sufficiency of the evidence on direct appeal, the Fifth Circuit has held that reliance on the procedural default is established notwithstanding the Court of Criminal Appeals' failure to articulate a reason for the denial of the application for state habeas relief. West v. Johnson, 92 F.2d 1385, 1398 and n.18 (5th Cir. 1996).

In addition, the Magistrate Judge considered Griffin's sufficiency claim and determined that it was without merit. Griffin wholly fails to address this conclusion. His objection on this point is without merit.

In his fifteenth objection, Griffin avers that terroristic threat is a lesser included offense of retaliation, and so an instruction should have been given on it. As the Magistrate Judge stated, the failure to given an instruction on a lesser included offense does not raise a federal constitutional issue. Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988). In addition, it is by no means clear that terroristic threat is a lesser included offense for retaliation. See Coward v. State, 931 S.W.2d 386, 389 (Tex.App.-Houston [14th Dist.], no pet.); Helleson v. State, 5 S.W.3d 393, 396 (Tex.App.-Fort

worth 1999, pet. ref'd) (terroristic threat is not a lesser included offense of retaliation). Griffin cites Zorn v. State, --- S.W.3d — (Tex.App.-Tyler, April 30, 2002, pet. dismissed as improvidently granted) (unpublished). That case held that terroristic threat can be a lesser included offense of retaliation where the facts required to satisfy the elements of retaliation could likewise be used to satisfy the dissimilar element of terroristic threat - in other words, that the person making the threat intended to place the victim in fear of imminent bodily injury. In this case, as Griffin points out, he was in handcuffs at the time that he made the threat, and thus could not have carried out his threat at that moment; consequently, the element of imminent threat which is present in a terroristic threat case was not present, and so terroristic threat was not, under the facts of this case, a lesser included offense. Griffin has failed to show error and his objection on this point is without merit.

In his 16th objection, Griffin says that he did not receive adequate notice of the charge against him because, as he says, "a vital element of the offense was not proved; he was charged with threatening to commit an unlawful act, to-wit an assault, by what means?" As the Magistrate Judge observed, the indictment tracked the language of the statute, and the Court of Criminal Appeals implicitly upheld the validity of the indictment in denying his state habeas claim. Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985). Griffin has failed to show that the indictment did not provide adequate notice of the charges against him, nor that an element of the offense was not proved. His objection on this point is without merit.

Finally, Griffin says that he was intoxicated and that the handcuffs were so tight that he cursed and asked that they be loosened, and so he was entitled to an instruction on the defense of duress. As the Magistrate Judge made clear, the defensive theory of duress means that the person engaged in the prohibited conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another. Griffin offers no evidence, nor does any appear in the record, that he was compelled to threaten the officer with assault by threat of imminent death or imminent bodily injury. As above, nothing in the record supports Griffin's assertion that the handcuffs were placed on him too tightly, nor that such action "compelled" him to threaten the

Case 6:06-cv-00256-MHS-JKG Document 20 Filed 06/07/07 Page 7 of 7 PageID #: 133

officer. Although Griffin says that he was intoxicated, the Texas Penal Code specifically says that voluntary intoxication does not constitute a defense to the commission of a crime. Tex. Penal Code art. 8.04. Nor does the record contain any evidence that Griffin was temporarily insane due to intoxication. Griffin's unsupported and unsubstantiated assertions have no probative value and his objection on this point is without merit. Ross v. Estelle, 694 F.2d at 1011-12.

The Court has conducted a careful *de novo* review of the pleadings and documents in this cause, including the Petitioner's pleadings, the answer filed by the Respondent, the Petitioner's reply thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, records, and documents in the case. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Dwight Griffin is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 7th day of June, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

7